UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

THE ADMINISTRATORS OF THE                      CIVIL ACTION
TULANE EDUCATIONAL FUND
(A/K/A TULANE UNIVERSITY) and
DAVID H. COY, Ph.D.

VERSUS                                         NO: 08-5096

BIOMEASURE, INC., IPSEN,                       SECTION: R(1)
S.A., and IPSEN PHARMA,
S.A.S. (F/K/A SOCIETE
CONSIELS, DE RECHERCHE ET
D'APPLICATIONS SCIENTIFIQUES
SAS)

**ORDER AND REASONS**

Before the Court is plaintiffs The Administrators of the Tulane Educational Fund's and David H. Coy's motion for entry of judgment under Rule 54(b) as to the Court's order dismissing Ipsen, S.A. (Ipsen) and Ipsen Pharma S.A.S. (Ipsen Pharma)[1] for lack of personal jurisdictional. (R. Docs. 87.) For the following reasons, plaintiffs' motion is GRANTED.

**I.    BACKGROUND**

This dispute involves the rights to a drug named Taspoglutide, or BIM-51077.  Plaintiffs assert that defendants are not the rightful owners of the drug, and that defendants

---

[1] As of January 1, 2008, Ipsen Pharma became the successor-by-merger to Société Conseils, de Recherche et d'Applications Scientifiques, S.A.S. ("SCRAS").

violated a certain research funding agreement and licensing agreement. Plaintiffs specifically assert claims for unjust enrichment, breach of contract and correction of inventorship against Ipsen, Ipsen Pharma, and their subsidiary, Biomeasure, Inc. On August 24, 2009, the Court determined that plaintiffs failed to demonstrate personal jurisdiction over Ipsen, but allowed plaintiffs to conduct limited jurisdictional discovery and file a supplemental memorandum. On October 6, 2009, the Court similarly granted plaintiffs' request to file a supplemental memorandum with respect to personal jurisdiction over Ipsen Pharma. On November 10, 2009, the Court dismissed Ipsen and Ipsen Pharma without prejudice for lack of personal jurisdiction. Plaintiffs now ask the Court to enter a final judgment with respect to its November 10, 2009 order, and determine that there is no just reason for delay of an appeal.

**II. LEGAL STANDARD**

Rule 54(b) of the Federal Rules of Civil Procedure provides that when multiple parties are involved in an action, a district court "may direct the entry of a final judgment as to one or more but fewer than all of the . . . parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." Fed. R. Civ. P. 54(b). The primary policy for requiring Rule 54(b) certification

is to avoid piecemeal appeals.  *See PYCA Indus. v. Harrison County Waste Mgmt.*, 81 F.3d 1412, 1421 (5th Cir. 1996).  Rule 54(b) judgments are not favored and should be awarded only when necessary to avoid "hardship or injustice through delay" and "should not be entered routinely as a courtesy to counsel."  *Id.*

The determination of whether "there is no just reason for delay" is within the sound discretion of the Court, after careful consideration.  *See Ackerman v. FDIC*, 973 F.2d 1221, 1224 (5th Cir. 1992).  The Court weighs "the inconvenience and costs of piecemeal review on the one hand and the danger of denying justice by delay on the other."  *Road Sprinkler Fitters Local Union v. Cont'l Sprinkler Co.,* 967 F.2d 145, 148 (5th Cir. 1992) (quoting *Dickinson v. Petroleum Conversion Corp.,* 388 U.S. 507, 511 (1950)).  The Court also considers whether the appellate court "would have to decide the same issues more than once even if there were subsequent appeals."  *H & W Indus., Inc. v. Formosa Plastics Corp., USA,* 860 F.2d 172, 175 (5th Cir. 1988) (quoting *Curtis-Wright Corp. v. Gen. Elec. Co.,* 446 U.S. 1, 8 (1980)).

## III. DISCUSSION

The Court finds that there is no just reason for delaying appellate review of the Court's November 10, 2009 order.  The Court's order dismissing Ipsen and Ipsen Pharma for lack of personal jurisdiction does not overlap with the substantive

liability issues that remain to be litigated against Biomeasure, and thus there is little risk that the appellate court would be called to decide the same issues more than once. Moreover, if plaintiffs are successful on an immediate appeal, there is still some chance that all liability issues could be tried together in this Court. Even if plaintiffs are unsuccessful, Ipsen and Ipsen Pharma would suffer little prejudice from an appeal now as opposed to later. Because the issues of personal jurisdiction over Ipsen and Ipsen Pharma and the substantive liability of Biomeasure do not overlap, there is relatively little economy to be gained from a single appeal. Lastly, if plaintiffs are required to postpone their appeal until after litigating Biomeasure's substantive liability, plaintiffs could be faced with the burden of relitigating similar liability issues against Ipsen and Ipsen Pharma. To the extent plaintiffs substantive claims against Ipsen and Ipsen Pharma are simply derivative of their claims against Biomeasure, nonetheless there is little reason to delay appeal because, as already mentioned, the efficiency gains of a single appeal are minimal.

## IV. CONCLUSION

For the reasons stated, plaintiffs' motion is GRANTED. The Court expressly determines that there is no just reason for delaying plaintiffs' appeal of the Court's November 10, 2009

4

order, and directs the entry of final judgment with respect to plaintiffs' claims against Ipsen and Ipsen Pharma.

New Orleans, Louisiana, this 1st day of February, 2010.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE