UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

ADMINISTRATORS OF THE TULANE          CIVIL ACTION
EDUCATIONAL FUND, ET AL

VERSUS                                NO: 08-5096

BIOMEASURE, INC., ET AL               SECTION: R(1)


**ORDER AND REASONS**

Before the Court is defendant Biomeasure's motion[1] for review of the Magistrate Judge's order[2] granting in part plaintiffs' motion for leave to amend the complaint.[3]  Because plaintiffs' proposed amendment is not futile, the Court DENIES Biomeasure's motion and AFFIRMS the Magistrate Judge's decision granting in part plaintiff's motion for leave to amend.


**I.   Introduction**

This case arises out of a dispute between the plaintiffs, the Administrators of the Tulane Educational Fund ("Tulane") and David H. Coy, Ph.D ("Coy"), and defendants Biomeasure, Inc. ("Biomeasure"), Ipsen, S.A. ("Ipsen") and Ipsen Pharma, S.A.S. ("Ipsen Pharma") over the invention of a drug called

———————————

[1]     R. Doc. 133.

[2]     R. Doc. 130.

[3]     R. Doc. 118.

Taspoglutide.  Plaintiffs brought suit on December 5, 2008, alleging that defendants deprived them of their rights to the drug in violation of multiple agreements.[4]  On December 10, 2009, the Court decided that it lacks personal jurisdiction over Ipsen and Ipsen Pharma, which are French entities and are the parent companies of Biomeasure.[5]  The Court granted plaintiffs' motion for entry of final judgment against Ipsen and Ipsen Pharma under Fed. R. Civ. P. 54(b),[6] and plaintiffs appealed that judgment.[7]

Plaintiffs moved for leave to amend the complaint on October 15, 2010.[8]  The amended complaint asserts that Biomeasure, Ipsen, and Ipsen Pharma entered into a binding settlement agreement with plaintiffs on February 11, 2010 but that defendants refuse to honor that agreement.[9]  The agreement, plaintiffs contend, was memorialized in a "License and Settlement Term Sheet," which was signed by counsel for each party April 9, 2010.[10]  Over the next few months, the parties discussed the language of a final settlement and drew up a Licence Agreement and a Settlement

---

[4]     R. Doc. 1.

[5]     R. Doc. 75.

[6]     R. Doc. 98.

[7]     R. Doc. 103.

[8]     R. Doc. 118.

[9]     R. Doc. 118-5.

[10]    R. Doc. 115, Ex. A (under seal).

Agreement.[11]  Plaintiffs executed those agreements, but defendants ultimately refused to do so.

Plaintiffs assert three causes of action against defendants related to the purported settlement: breach of contract, breach of the duty of good faith and fair dealing, and unfair trade practices.  Plaintiffs also assert that by entering into the settlement agreement, Ipsen and Ipsen Pharma consented to the personal jurisdiction of this Court.  On that basis, plaintiffs assert their settlement-related causes of action and also reassert their original causes of action against those defendants.

On November 4, 2010, the Magistrate Judge granted in part and denied in part plaintiffs' motion for leave to amend.[12]  The Magistrate Judge did not allow plaintiffs to reassert their original claims against Ipsen and Ipsen Pharma because those claims are subject to a Rule 54(b) judgment of dismissal.  That ruling has not been appealed.  The Magistrate Judge did, however, allow plaintiffs to amend the complaint to assert their settlement-related claims against Biomeasure, Ipsen, and Ipsen Pharma.  Biomeasure now appeals that decision.

---

[11]    R. Doc. 115, Ex. B & C (under seal).

[12]    R. Doc. 130.

## II.  Standard of Review

Magistrate judges are empowered to "hear and determine" certain non-dispositive pretrial motions.  28 U.S.C. § 636(b)(1)(A).  A district court will reverse a Magistrate Judge's non-dispositive decision "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a); *Castillo v. Frank*, 70 F.3d 382, 385 (5th Cir. 1995).  A finding is clearly erroneous when a reviewing court is "left with the definite and firm conviction that a mistake has been committed." *United States v. Stevens*, 487 F.3d 232, 240 (5th Cir. 2007) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

The Fifth Circuit has held that denial of a motion to amend is a non-dispositive decision, even when the amendment seeks to add new claims.  *See PYCA Indus., Inc. v. Harrison County Waste Water Mgmt. Dist.*, 81 F.3d 1412, 1421 & n.11 (5th Cir. 1996) (holding that district court's denial of motion to amend answer to add crossclaims and counterclaims was not a dispositive order and thus was not a final order that could be certified for interlocutory appeal); *see also Hall v. Norfolk So. Ry. Co.*, 469 F.3d 590, 594-95 (7th Cir. 2006) (magistrate judge's denial of motion to amend is non-dispositive and subject to review for clear error); *Cargo v. Kan. City So.*, No. 05-2010, 2009 WL

4

541318, at *2 (W.D. La. Mar. 4, 2009) (same); *Ordemann v. Unidentified Party*, No. 06-4896, 2008 WL 695253, at *1 (E.D. La. Mar. 12, 2008) (same).  Thus, the Court will review the Magistrate Judge's decision under the "clearly erroneous" standard.


### III. Legal Standard for Amendments

Under Fed. R. Civ. P. 15(a)(2), leave to amend a complaint is freely given "when justice so requires."  In exercising its discretion to grant or deny leave to amend, the Court considers whether the party seeking leave is doing so after undue delay, in bad faith, or for a dilatory motive.  *Jamieson By and Through Jamieson v. Shaw*, 772 F.2d 1205, 1208 (5th Cir. 1985).  Further, the court may deny a motion to amend if such an amendment would be futile.  *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872-73 (5th Cir. 2000).  An amendment is considered futile if "the amended complaint would fail to state a claim upon which relief could be granted."  *Id.*  To determine whether an amendment is futile, the court "appl[ies] the same standard of legal sufficiency as applies under Rule 12(b)(6)."  *Id.*

Here, Biomeasure argues that Tulane's proposed amendment is futile, so the Court applies the Fed. R. Civ. P. 12(b)(6) standard.  The "no set of facts" language of *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), quoted in the Magistrate Judge's

opinion, is no longer applicable.  Rather, to survive a Rule 12(b)(6) motion to dismiss, the plaintiffs must plead enough facts "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).  A claim is facially plausible when the plaintiffs plead facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949.  A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiffs.  *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232-33 (5th Cir. 2009); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).  But the Court is not bound to accept as true legal conclusions couched as factual allegations.  *Iqbal*, 129 S.Ct. at 1949-50.

A legally sufficient complaint must establish more than a "sheer possibility" that plaintiffs' claims are true.  *Id*.  It need not contain detailed factual allegations, but it must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action.  *Twombly*, 550 U.S. at 555.  In other words, the face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiffs' claim. *Lormand*, 565 F.3d at 255-57.  If there are insufficient factual allegations to raise a right to relief above the speculative

6

level, *Twombly*, 550 U.S. at 555, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, *Jones v. Bock*, 549 U.S. 199, 215 (2007); *Carbe v. Lappin*, 492 F.3d 325, 328 & n.9 (5th Cir. 2007), the claim must be dismissed. In deciding the motion, the Court looks first to the complaint but may also consider documents that are referred to the complaint and are central to the plaintiffs' claims.  *Scanlan v. Tex. A & M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003).

## IV.  Discussion

The purported settlement at issue is entitled "License and Settlement Term Sheet."[13]  After months of negotiation, the Term Sheet was agreed to on February 11, 2010 and was signed by counsel for each party on April 9, 2010.  In considerable detail, the Term Sheet provides for certain payments to be made among the parties and for certain intellectual property to be licensed.

Plaintiffs contend that the Term Sheet constitutes an enforceable settlement agreement.  In support of this argument, plaintiffs note that the Term Sheet, in its introductory section, states that it shall "further memorialize and confirm the compromise and settlement agreement in principle reached on February 11, 2010" among the parties.[14]  Additionally, the Term

---

[13]     R. Doc. 115, Ex. A.

[14]     *Id.* at 1.

7

Sheet states that it "shall be binding upon the parties and their respective heirs, executors, administrators, representatives, successors and assigns."[15]

Biomeasure, on the other hand, argues that the purported settlement is not enforceable because it is subject to certain suspensive conditions that did not occur.  Biomeasure relies on paragraph eight of the Term Sheet, which states:

> This Term Sheet shall be expressly subject to, and conditioned on: (i) the approval of the appropriate board or boards of Tulane and the respective Boards of Directors of Ipsen, Ipsen Pharma (as successor-by-merger to SCRAS) and Biomeasure; and (ii) the confection and execution of mutually acceptable settlement agreements and such other instruments (including, but not limited to, the license of the GLP-1 Know-How and all intellectual property rights related to GLP-1) deemed necessary to effectuate the terms and provisions of this Term Sheet.[16]

As the Magistrate Judge notes, it is undisputed that the boards of Ipsen, Ipsen Pharma, and Biomeasure never approved the Term Sheet and that defendants never executed a final settlement agreement.

The Magistrate Judge's ruling that adding the settlement-related claims is not futile is not clearly erroneous or contrary to law.  In determining whether the Term Sheet is enforceable, the ultimate question is whether the parties intended to be bound by the agreement.  *Chevron U.S.A. Inc. v. Martin Exploration Co.,*

---

[15]    *Id.* at 5.

[16]    *Id.*

8

447 So.2d 469, 472 (La. 1984) (agreement was enforceable although labeled "preliminary" because the parties intended to be bound); *see also Walk Haydel & Associates, Inc. v. Coastal Power Production Co.*, 720 So.2d 372, 373 (La. App. 4 Cir. 1998) ("a compromise is valid if there is a meeting of the minds of the parties as to exactly what they intended when the compromise was reached."). A settlement agreement may be binding even if it is subject to later formalities that do not occur. *Id.* In this case, Biomeasure points to certain conditions in the Term Sheet that have not occurred, but plaintiffs point to other provisions that suggest that the Term Sheet is a binding compromise. The agreement is ambiguous, and its terms cannot be reconciled easily. Further, months of negotiation among the parties produced an agreement in principle on February 11, 2010 and a Term Sheet that "further memorialize[d] and confirm[ed]" that agreement on April 9, 2010. Plaintiffs' allegation that the Term Sheet constitutes a binding settlement agreement is not implausible. Thus, the Magistrate Judge's decision to allow the amendment is not clearly erroneous or contrary to law.

Biomeasure also argues that the Term Sheet is unenforceable because it was signed by counsel for the parties rather than by the parties themselves. Under Louisiana law, "[a] compromise shall be made in writing or recited in open court[.]" La. Civ. Code art. 3072. If not recited in open court, a compromise

agreement must be "reduced to writing and signed by the parties or their agents." *Sullivan v. Sullivan*, 671 So.2d 315, 318-19 (La. 1996).  Although the "or their agents" language does not always appear explicitly in this formulation, "it is there by implication . . . because generally the attorneys rather than the parties negotiate and contract settlement agreements." *Dozier v. Rhodus*, 17 So.3d 402, 408 (La. App. 1 Cir. 2009) (attorney had authority to enter into settlement).  An attorney must have his or her client's "clear and express consent" to enter into a settlement agreement.  *Id.*  In this case, plaintiffs' assertion that defense counsel had the authority to enter into a binding compromise on behalf of his clients is not implausible. Plaintiffs may therefore assert claims based on the purported settlement.

Additionally, Biomeasure's motion for review of the Magistrate Judge's order does not specifically appeal the decision to allow plaintiffs to add a claim for unfair trade practices.[17]  Nor did Biomeasure specifically object to that claim before the Magistrate Judge.[18]  Biomeasure did not specifically object to the unfair trade practices claim until it filed its reply memorandum over a month after the Magistrate

---

[17]    R. Doc. 133.

[18]    R. Docs. 123 & 129.

10

Judge's decision.[19]   Unlike plaintiffs' good faith and fair
dealing claim, which presumes the existence of an enforceable
contract, *Adams v. Autozoners, Inc.*, No. 98-2336, 1999 WL 744039,
at *7 (E.D. La. Sept. 23, 1999), the unfair trade practices claim
is not dependent on the enforceability of the settlement.
Defendants may have committed a tort even if they did not breach
the Term Sheet itself.   *See* La. R.S. 51:1405 (Louisiana Unfair
Trade Practices Act bans "unfair or deceptive acts or practices
in the conduct of any trade or commerce"); *Bladen v. C.B. Fleet
Holding Co.*, 487 F.Supp.2d 759, 765 (W.D. La. 2007) (quoting
*Omnitech Int'l, Inc. v. Clorox Co.*, 11 F.3d 1316, 1332 (5th Cir.
1994)) (under LUTPA, plaintiff must prove "some element of fraud,
misrepresentation, deception or other unethical conduct.").
Under Fed. R. Civ. P. 72(a), a party must object to the non-
dispositive ruling of a magistrate judge within 14 days.
Otherwise, the objection is waived.   *Farrow v. West*, 320 F.3d
1235, 1249 n.21 (11th Cir. 2003); 12 Fed. Prac. & Proc. Civ. §
3069 (2d ed.).   Because Biomeasure did not specifically object to
the addition of the unfair trade practices claim within 14 days
of the Magistrate Judge's decision, it waived any objection to
that amendment.   For this additional reason, the Court will not
reverse the Magistrate Judge's decision as to the unfair trade
practices claim.

------

[19]      R. Doc. 138.

11

**V.   Conclusion**

For the foregoing reasons, Biomeasure's motion is DENIED, and the Magistrate Judge's order granting plaintiffs leave to amend the complaint is AFFIRMED.

New Orleans, Louisiana, this ___18th___ day of February, 2011.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

12