UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ADMINISTRATORS OF THE TULANE EDUCATIONAL FUND, et al | CIVIL ACTION |
| VERSUS | NO: 08-5096-SSV-SS |
| BIOMEASURE, INC., et al | |

# ORDER

PLAINTIFFS' MOTION TO COMPEL (Rec. doc. 252)

**GRANTED IN PART AND DENIED IN PART**

On March 10, 2011, the plaintiffs, the Administrators of the Tulane Educational Fund ("Tulane") and David H. Coy, Ph.D. ("Dr. Coy"), filed an amended complaint with a ninth cause of action for breach of a settlement agreement. The plaintiffs alleged that: (1) by executing the April 9, 2010 Term Sheet, the parties reached an enforceable agreement to settle their dispute; and (2) "[t]he continuing discussions concerning the language of the final documents confirms the parties intent to be bound by the agreement." Rec. doc. 142 at 23. On September 16, 2011, the District Judge denied the motions of Ipsen, S.A. ("Ipsen") and Ipsen Pharma S.A.S. ("Ipsen Pharma") to dismiss the ninth cause of action. Rec. doc. 224.[1]

---

[1] The plaintiffs also asserted a tenth cause of action for breach of duty of good faith and fair dealing under the settlement agreement and an eleventh cause of action for unfair business practices respecting settlement agreement. Id. at 23-25. The motions to dismiss these causes of action were granted. Rec. doc. 224.

On September 26, 2011, the plaintiffs served interrogatories and requests for production on Ipsen and Ipsen Pharma. Rec. doc. 252 (Exhibits). The parties communicated about the discovery requests. Rec. doc. 252 (Exhibit 1 and attachments). On November 23, 2011, the plaintiffs filed a motion to compel. Rec. doc. 252. Ipsen and Ipsen Pharma urge that the plaintiffs should be required to obtain the documents and responses to the interrogatories via the Hague Evidence Convention ("Hague Convention"). Rec. doc. 253. For the reasons cited by plaintiffs (Rec. docs. 252 and 256), they will not be required to proceed by the Hague Convention to secure responses to the interrogatories and document requests.[2]

The remaining issue concerns the scope of the discovery. The plaintiffs served Ipsen Pharma with two interrogatories and eleven requests for production ("RFPs").[3]

Interrogatory no. 1.

It is limited to the period from February 10, 2010 through September 15, 2010.

Interrogatory no. 2.

The objection is sustained. The information sought is not relevant to the allegations in the ninth cause of action.

---

[2] This is not a determination that the plaintiffs are not required to proceed by the Hague Convention to secure depositions of representatives of Ipsen and Ipsen Pharma, including depositions pursuant to Fed. R. Civ. P. 30(b)(6). There is a reference to a request for Rule 30(b)(6) depositions in some of the communications. See Rec. doc. 253 (Exhibit 1-A at part 6). The issue of depositions, including Rule 30(b)(6) depositions, is not before the Court.

[3] They are numbered interrogatory nos. 1 and 2 and RFP nos. 1-11. Rec. doc. 252 (Exhibits 1 and 2). Identical discovery was served on Ipsen. They are numbered interrogatory nos. 8 and 9 and RFP nos. 18-28. Rec. doc. 252 (Exhibits 4 and 5). The rulings on the Ipsen Pharma discovery are applicable to the Ipsen discovery.

RFP no. 1.

The RFP is limited to the period from February 10, 2010 through September 15, 2010.

RFP no. 2.

The RFP is limited to the period from February 10, 2010 through September 15, 2010. Ipsen Pharma's objection to providing information relating to Roche is sustained.

RFP no. 3.

The RFP is limited to the period from February 10, 2010 through September 15, 2010.

RFP no. 4.

The RFP is limited to the period from February 10, 2010 through September 15, 2010. Ipsen Pharma's objection to providing information relating to Roche is sustained.

RFP nos. 5 and 6.

The RFPs are limited to the period from February 10, 2010 through September 15, 2010.

RFP nos. 7-10.

The objections are sustained. The information sought is not relevant to the allegations in the ninth cause of action.

RFP no. 11.

The RFP is over broad. No response is required.

**Within thirty (30) calendar days of the entry of this order**, Ipsen and Ipsen Pharma shall respond to the written discovery as provided herein. If they contend that any documents are protected from disclosure, they shall provide a privilege log within the same deadline.

IT IS ORDERED that the motion of the plaintiffs, the Administrators of the Tulane Educational Fund and David H. Coy, Ph.D., to compel responses to discovery requests (Rec. doc. 252) is GRANTED in PART and DENIED in PART.

New Orleans, Louisiana, this 9th day of December, 2011.

**SALLY SHUSHAN**
**United States Magistrate Judge**